Per Curiam.

The errors assigned, and relied upon by the plaintiff, are these:
1. That the action before the justice was founded on an agreement for the sale of lands, and it did not ap[*46] pear from the declaration that *there was any note in writing of that agreement: which was therefore void, by the statute of frauds.
2. That the promise by Miller was for the benefit of onr Bhoam, a third person ; and, therefore, without considera tian as to Miller; and for that reason, also void.
3. That there was no performance of the contract on the part of Drake ; it not being alleged that he offered a deed, executed, or ready to be executed.
The first exception is clearly not well taken. Although the statute of frauds requires a note in writing to support a contract respecting the sale of lands, it is not necessary the writing(a) should be set forth in the declaration; and it is sufficient if it appear in evidence.(b) The statute has not altered the form of pleading, which remains as it was at the common law.
2. The second exception, we think, is equally untenable. The action was founded on mutual promises ;(c) and the *71 one. promise was the consideration of the other. It was not necessary that the act promised to he done hy Drake, should appear to he immediately beneficial to Miller, in order to support the obligation of his promise. It was sufficient that its performance would be detrimental to Drake, or deprive him of a right which he before possessed. An injury to one party, or a benefit to another, is sufficient consideration for a promise. By the agreement in this instance, Drake -was to .convey to another(a) his title to certain lands, in consideration of which, the promise on the part of Miller was made; and that consideration was sufficient.
3. With respect to the third exception, we hold the offer to perform is sufficiently averred in the declaration.(b) It is averred that Drake and his wife attended at the time and place appointed, “ ready prepared and offering to execute" the conveyance, “ according to the said agreement;" 'and that Miller did not attend; and that he has refused to accept the same, and to perform the agreement on his part.(c) This averment was substantially sufficient, and the manner in which the tender or offer to convey was made, was matter of evidence on which the justice has decided, and which cannot appear on the record.
*72 We are, therefore, of opinion, that none of the exceptions are well taken.
Judgment affirmed.

 So of a promise to pay the debt of another. Elting v. Vandelyn, 4 Johns. Rep. 237. What if the exception arise on demurrer to the declaration?

 Case v. Barber, T. Raym. 450; Bull. 279.

 See Livingston v. Rogers, post, 583, as to mut.ual promises. With respect to considerations moving from the plaintiff to third persons, they have been ruled good considerations for a promise by another, if the promise be *71 made at the time of the contract, and it be an essential ground of the oredii given, or consideration passed, to tlie third person, though he be -the direef and principal creditor; but such promises being collateral, must be in writ ing. Leonard v. Vredenbergh, 8 Johns. Rep. 39.

а) Quœre. If such other might not have maintained an action. Dalton v Poole, 1 Tent. 318: Marchington v. Vernon, 1 Bos. & Pull. 101, n. c. See also Comb. 219; 8 Mod. 117 ; Martin v. Hinde, Cowp. 437.

 The principles as to averments of performance are, that when a plain tiff is to do an act by which he is to entitle himself to his action, he must show that act done, or at least that he has performed every thing within his power, (Lancashire v. Killingworth, Com. Rep. 117, cited in 2 Saund. 352, by Williams, n. 3, and the cases there;) or that performance has been dispensed With.
See the New York Code of Procedure, sec. 162.

 See 1 Lex. Mer. Amer. 372, 373, the cases there cited.