## RACHEL J. AINSWORTH, PLAINTIFF, v. WILLIAM W. BACKUS, DEFENDANT.

*Policy of insurance taken out by wife on life of husband — assignment of — Agreement of third person to pay premiums — when action lies for breach of.*

The plaintiff, having taken out a policy of insurance upon the life of her husband, assigned sixty per cent thereof to the defendant, who agreed to "keep it alive" for her benefit and that of her family. The defendant, in pursuance of such agreement, paid a portion of the premiums, but subsequently allowed the policy to be forfeited for non-payment of those subsequently accruing. This action was brought by the wife during the life of her husband to recover the value of the policy. *Held* (1), that as the defendant had entered upon the performance

of the agreement, he was responsible for his misfeasance in relation thereto ; (2), that the fact that the husband was still living was not a bar to the action, but only affected the measure of damages.

Whether the wife had power to assign the policy, *quære.*

EXCEPTIONS ordered to be heard in the first instance at the General Term.

*D. S. Riddle,* for the plaintiff.

*J. A. Billings,* for the defendant.

BRADY, J. :

The plaintiff obtained a policy on the life of her husband, and assigned sixty per cent of the amount secured to the defendant, who, in consideration of such transfer, agreed " to keep it alive " for the benefit of the plaintiff and her family. He failed to perform the engagement, and permitted a forfeiture of the policy. The plaintiff seeks in this action, although her husband is still living, to recover the value of the policy, to indemnify her for the damages sustained by reason of the forfeiture named.

It will be perceived from this statement, that the only consideration which the defendant received for his promise, was the assignment of part of the sum secured by the policy, and this was, in fact, no consideration whatever. Such assignments seem to have been declared void by the court of last resort; and if the defendant had continued to pay the premiums, and the husband had died, he could only retain out of the amount of the policy, if it were paid him, the sums paid by him and the interest thereon. (*Eadie* v. *Slimmon*, 26 N. Y., 9, 18.) The defendant, therefore, in view of that decision, acquired by the assignment no interest in the policy ; but that does not relieve him from obligations incidental to his agreement. He assumed to keep the policy alive, and failed either to do that, or advise the plaintiff of his intention to withdraw from the engagement. He had paid premiums and so far had entered upon the performance of his contract; and this led to reliance upon him, in which the plaintiff, until otherwise advised, had a right to indulge. He could not, under the circumstances, abandon the contract, and permit the forfeiture to occur, except upon notice to the plaintiff.

The rule seems to be well settled, that if a person undertakes an employment or trust, and begins the performance of it, he is liable for any injuries which may result from his neglect, even though he may not have received any consideration for the promise. If he omit to do what he has thus agreed to accomplish, the failure of consideration excuses his omission. This is called a nonfeasance. If he begin the execution of his engagement and fail to complete, his failure is a misfeasance, and he becomes responsible. ( *Wilkinson* v. *Coverdale*, 1 Esp., 75; *Thorne* v. *Deas*, 4 Johns., 84; *Smedes* v. *Bank of Utica*, 20 id., 372.) The distinction thus recognized and applied, rests, doubtless, upon the proposition that an injury to one party or a benefit to another is a sufficient consideration for a promise. (*Miller* v. *Drake*, 1 Caines, 45; *Foster* v. *Foster*, 6 Mass., 58; *Smedes* v. *Bank of Utica*, 20 Johns., 380, *supra*.) In *Wilkinson* v. *Coverdale*, the defendant undertook, voluntarily and without consideration, to get a policy of insurance renewed on account of the plaintiff, but did it so negligently that no benefit was derived from it, and the action against him was allowed to proceed. In the case of *Thorne* v. *Deas*, a case which was cited and approved in the Court of Errors in *Smedes* v. *Bank of Utica*, (*supra*), the doctrine of misfeasance was considered, and the cases stated and reviewed. It was not questioned that a voluntary undertaking, which the promissor undertook to carry out, entailed upon him the penalty of neglect in the performance of this promise. The rule is founded in common sense, in equity, and in good faith. The defendant was bound by virtue of his engagement, to keep the policy alive, or to notify the plaintiff that he would not, and thus enable her to protect herself against his default. The fact that her husband is living is not a bar to the action. It affects the measure of damages only. (*Hawkins* v. *Coulthurst*, 5 Best & Smith, 343.) There is no force, either, in the proposition that the plaintiff had no interest in the policy because her husband was living. She had an inchoate right to the amount secured by it, which would become absolute upon the death of her husband, and the value of that right would, doubtless, be the measure of damages.

She offered to show on the trial that the policy was worth $250, but was not permitted to do so; and that offer is a conclusive

answer, it would seem, to the objection that she had no valuable interest in the policy. The result being that the plaintiff had a cause of action, the judgment was erroneous, and a new trial must be granted, with costs to abide the event.

Daniels, J.:

I concur in the result. The statute does not seem to have rendered the wife incompetent to make the agreement alleged to have been made with the defendant to keep up the policy. (4 Genl. Stats. of N. Y., 510, § 1.) And her power to do so was not presented by the case of *Eadie* v. *Slimmon* (26 N. Y., 9). No good reason seems to exist for denying her that authority, and its existence may be essential to her ability to insure the life of her husband at all.

Judgment reversed and new trial granted, costs to abide event.