# Davis *v.* Continental Ins. Co., Appellant.

*Insurance—Fire insurance—Cancellation of policy—Evidence—Case for jury.*

A contract of insurance providing for notice cannot be cancelled without such notice. Where a policy has been delivered by the insured to the local agent at his request and the conditions as to this delivery is disputed as to whether it was so surrendered for cancellation or correction, the treatment of the policy raises a disputed fact which is properly for the jury.

In such a case evidence is not admissible as to the endorsements made on the policy by the company after it had received it from its agent, and the action of the company in cancelling it.

*Practice, C. P.—Trial—Charge—Points.*

If instructions cover substantially everything that is asked for in points which are refused, it is not necessary for the trial judge to answer the points in detail even though it be conceded that they were correct propositions at law, and applicable to the facts of the case.

Argued Feb. 23, 1915. Appeal, No. 12, Feb. T., 1915, by defendant, from judgment of C. P. Tioga Co., Sept. T., 1913, No. 241, on verdict for plaintiff in case of Ralph Davis, doing business as Model Clothing Company v. The Continental Insurance Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

342   DAVIS *v.* CONTINENTAL INS. CO., Appellant.

Assignment of Errors—Opinion of the Court. [60 Pa. Superior Ct.

Assumpsit on a policy of fire insurance.   Before CAM-
ERON, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $666.83.

*Errors assigned* were (1-5) refusal of defendant's
points without reading them; (6, 7) in refusing to ad-
mit in evidence endorsements on the policy and matters
relating to the cancellation of the policy by the com-
pany after it had received the policy from its agent.

*Howard F. Marsh,* with him *S. F. Channell* and *F. E.
Watrous,* for appellant.   The policy was cancelled:
Arnfeld v. Guardian Assurance Co., 172 Pa. 605; Farm-
ers Mut. Ins. Co. v. Wenger, 90 Pa. 220; Von Wien v.
Scottish Union, Etc., Ins. Co., 118 N. Y. 94.

An agent has no power to revive a cancelled policy
without evidence of authority to recall the action of his
principal.   Such authority will not be presumed: Hart-
ford Fire Insurance Co. v. Reynolds, 36 Mich. 502;
Schimp v. Cedar Rapid Ins. Co., 16 N. E. Rep. 229.

It is the general rule that a party cannot give in evi-
dence a part of contract or any other document, and
suppress the rest: Robeson v. Schuylkill Navigation
Co., 3 Grant 186.

*P. J. Edwards,* with him *A. B. Dunsmore,* for appellee.

OPINION BY TREXLER, J., July 21, 1915:

The principal question of fact in this case was whether
or not the policy of insurance under which the plaintiff
seeks to recover a loss by fire was cancelled.   The agent's
version of the affair is that he was directed by the com-
pany to cancel the policy, that he went to the insured,
and without indicating for which company he was act-
ing, told him that he had to reduce the line of insurance
held by him and that the insured, the plaintiff, told him

that he would give him all the policies and he should select the one he wanted. The account of the transaction as given by the plaintiff differs very materially from the above. He asserts that the agent told him one of the policies had to be changed but the agent could not recall which, but thought he could tell if he saw them all, that the plaintiff then gave him all the policies and asked him to keep them in his safe. The policy in question required five days' notice of cancellation. None was given. Of course if the plaintiff's story was believed by the jury there could be but one result and that would be a verdict in his favor.

There being a dispute as to what had occurred, the matter had to be settled by the jury, and the court in its charge presented it fairly.

A contract for insurance providing for notice cannot be cancelled without it. Where a policy has been delivered by the insured to the local agent at his request and the condition as to this delivery is disputed as to whether it was so surrendered for cancellation or correction the treatment of the policy raises a disputed fact which is properly for the jury.: Mauk v. Commercial Union Assurance Co., 7 Pa. Superior Ct. 633. This case cited is very similar to the one we are considering. In each case there was a dispute as to what the understanding was at the time the policy was returned to the agent and in each, the company cancelled the policy without giving notice. See Lancashire Insurance Co. v. Nill, 114 Pa. 248; Scott v. Sun Fire Office, 133 Pa. 322. In the case we are considering, the insured did not desire the cancellation. Taking the agent's story, plaintiff's direction to him was merely a permission to the agent to make his, the agent's, selection of a policy for cancellation. It may be well argued, that the act of cancellation was the act of the company through its agent, that the indefinite permission given without relation to any particular policy constituted no waiver of the provision of the company requiring notice of cancellation. As, how-

ever, the jury found by its verdict that there was no permission to cancel given, we need not decide this question.

There are several assignments of error as to the refusal of certain of the points submitted by the defendant.

The first six assignments all relate to the question of cancellation and are directed to the refusal of certain points submitted by the defendant.

We think that the rejection of the points did not constitute error. The points very largely are composed of repetitions of the same statement of facts couched in different words, but substantially conveying the same meaning. The court affirmed the seventh, eighth, ninth, tenth, and eleventh points. An examination of those points shows that every material matter raised in the case by the defendant was covered by said points. All the defendants can ask is that the questions present in the case are properly presented to the jury. He may not require the trial judge to use any particular form of words nor ask him to present the same thought garbed in the various forms of words which the learning of counsel may be able to construct. If the law applicable to his case is plainly, fully and accurately stated, he has no cause of complaint: Com. v. McManus, 143 Pa. 64; Kroegher v. McConway, Etc., Co., 149 Pa. 444; Carey v. Buckley, 192 Pa. 276; Fleming v. Dixon, 194 Pa. 67; Creachen v. Bromley Bros. Carpet Co., 214 Pa. 15. If the instructions cover substantially everything that is asked for in the points which were refused, it is not necessary for the trial judge to answer them in detail even though it be conceded that they were correct propositions of law and applicable to the facts in the case: Miller v. Smith Woolen Machinery Co., 220 Pa. 181.

The other assignments are to the refusal of the court to admit testimony as to the endorsements the company made on the policy after it had received it from its agent and the action of the company in cancelling it

We do not see that the admission of this proof would have aided in any way in determining the issue. The question was not what the company did, but whether the matters transpiring between the agent and the insured relieved the company of the requirement of the policy requiring notice of cancellation. The case was tried on the assumption that so far as the company was concerned the policy was cancelled, but the plaintiff contended that the action was not binding on him in that he had never authorized it and that no notice had been given to him.

All the assignments are overruled. Judgment affirmed.