## 10354

### DALLAS v. GUARDIAN FIRE INSURANCE COMPANY.
#### (101 S. E. 859.)

1. TRIAL—CONFLICTING TESTIMONY TAKES ISSUE TO JURY.—An issue whereon the testimony was conflicting was properly submitted to the jury under a charge clearly applying the law to the facts.

2. INSURANCE — CANCELLATION OF FIRE POLICY INVALID WITHOUT REQUIRED NOTICE.—Where insured was entitled to receive five days' notice in writing of intention to cancel his fire policy, there was no effectual cancellation without such notice given him.

3. INSURANCE—RELIANCE BY INSURED ON FIRE INSURANCE AGENT TO KEEP POLICY IN ORDER DID NOT MAKE AGENT REPRESENTATIVE OF INSURED.—The mere fact that in accordance with common practice a fire insurance agent was relied on by insured to keep his insurance in force and in legal order did not render the fire insurance agent the representative of the insurer and insured, the question of agency for insured being for the jury in an action on the policy.

4. INSURANCE—ADJUSTMENT, PAYMENT, AND RELEASE UNDER ONE POLICY DID NOT AFFECT LIABILITY UNDER OTHER.—A release to a fire insurer, the release specifically showing that it covered loss under policy No. 8052, did not affect the liability of the insurer under policy No. 8053, in the absence of evidence that insured accepted the payment as a satisfaction of his entire claim under both policies.

Before PRINCE, J., Greenwood,· Spring term, 1919. Affirmed.

Action by J. J. Dallas against the Guardian Fire Insurance Company. From judgment for plaintiff, defendant appeals.

*Messrs. Featherstone & McGhee* and *Messrs. Haynsworth & Haynsworth,* for appellant, submit: *There was no valid contract of insurance. The policy if issued was cancelled:* Joyce on Insurance (2d Ed.), sec. 641; 204 S. W. 367; 101 S. W. 903; 77 S. C. 226; 14 Am. St. Rep. 470; 63 N. E. 610; 36 Mich. 502; 51 L. R. A. (N. S.) 540; 38 L. R. A. (N. S.) 628; 49 L. R. A. (N. S.) 974; 14 R. C. L., pp. 876 and 1011; 108 S. C. 137. *The adjustment, payment and release constitute a defense to this action:* 107 S. C. 529. *It was error to refuse to charge appellant's second request, as follows: "Every one is presumed to know the legal effect of a paper which he signs, and even if he is induced to sign by misrepresentations as to the legal effect that will not invalidate the paper:"* 103 S. C. 500.

*Messrs. Tillman & Mays,* and *Messrs. Grier, Park & Nicholson,* submit: *The release is not a bar to this action:* 96 U. S. 443; 61 S. C. 448; 56 S. C. 508, distinguished. *Parol testimony competent for the purpose of explaining a receipt:* 9 S. C. 90; 22 S. C. 27.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to recover $2,000 on a policy of fire insurance, claimed to have been issued by the appellant company, through its agent, B. H. Smith, covering goods belonging to the respondent. The case was tried before Judge Prince, and a jury, at the April term of Court, 1919, for Greenwood county, and resulted in a verdict for the respondent in the sum of $2,280.78.

After entry of judgment appellant appealed, and by exceptions, ten in number, raise the questions: First, there is no valid contract of insurance; second, the policy, if issued, was canceled; third, the adjustment, payment, and release constitute a defense to this action; fourth, errors in charge of his Honor to the jury.

As to the first question, that is a question of fact. There is a conflict of testimony in this issue, as his Honor was right in submitting this question to the jury. He did so, and clearly charged the jury the law applicable to the facts in this issue, and we see no error as complained of.

Was the policy, if issued, canceled? Smith was the agent of appellant, and the policy, if issued, before it could be canceled, Dallas was entitled to receive five days' notice in writing of the intention to cancel. This was not done as the evidence shows.

It is the everyday practice for the insured to select an agent that he has every confidence in, to have him insure his property, and keep his insurance straight. He depends on him to do this, not as his agent, but as agent of the insurance company, but the insured relies on the agent to keep his policy straight, and to protect his interests, as far as keeping the policy in legal shape, and to notify him when premiums are due, in order that he may acquire the protection paid for. The insured relies on the agent for this purpose. While the agent may not be required to do this, yet he mostly does do so. It is to his interest and that of his company to satisfy his patrons, and it is to their credit that in a majority of cases this is done, and the agent of the company does everything necessary to protect both the company and insured. This fact alone does not make him the agent of both. In the case at bar the Judge submitted the question of agency of Smith for Dallas to the jury by his charge.

Third, the adjustment, payment, and release constitute a defense to this action. The release shows that it covered the loss "under policy No. 8052." The policy sued on was No. 8053. Under the evidence of the adjuster, Mr. Gaillard, the only inference to be drawn was a release under No. 8052, and did not contemplate a release on policy No. 8053, as it was not on hand at the time of adjustment, but would come on later.

There is no evidence that Dallas accepted the payment made as a whole satisfaction of his claims, but only under policy No. 8052, and in this particular his Honor's charge to the jury was correct.    We see no errors in the charge of his Honor to the jury as made by the exceptions.

The appellant is not entitled to a new trial, nor were they entitled to a directed verdict, as asked for.    All exceptions are overruled.

Judgment affirmed.