[L. A. No. 6446.    Department Two.—January 11, 1921.]

ROY LAUMAN, etc., et al., Respondents, v. SPRINGFIELD FIRE & MARINE INSURANCE COMPANY (a Corporation), Appellant.

[1] FIRE INSURANCE — AGENCY TO PROCURE — CONSENT TO CANCELLATION—SCOPE OF AUTHORITY.—A broker or agent employed to keep property insured has no authority to consent to a cancellation of insurance which would leave the property wholly without insurance.

[2] ID.—INSURANCE OF MORTGAGED PREMISES—CANCELLATION OF POLICY—NOTICE TO MORTGAGOR INSUFFICIENT.—Where a fire insurance policy providing that the loss should be payable to a mortgagee also provided that the insurance company might cancel the policy at any time on ten days' written notice given to the mortgagee, the fact that the mortgagee left the matter of securing insurance to the mortgagor did not make the latter the agent of the mortgagee, and a notice of cancellation given to the mortgagor and not communicated to the mortgagee was not binding upon the latter.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Hindman for Appellant.

Davis & Rush, Chandler P. Ward and Paul H. McPherrin for Respondents.

WILBUR, J.—This action is brought by the plaintiff to recover, upon an insurance policy issued by defendant to plaintiff, for a fire loss which occurred July 14, 1917. The policy was issued June 26, 1917, insuring the premises owned by plaintiff Roy Lauman and mortgaged to plaintiff H. R. Dodd. Attached to the policy is a mortgage clause providing that the loss or damage hereunder should be payable to H. R. Dodd, mortgagee, containing five conditions. The third condition, which is the only one material to this inquiry, is as follows: ''Condition Three—This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation, and shall then cease; and this company shall have the right, on like notice, to cancel this agreement.''

On July 3d the agent of the defendant company notified Roy Lauman by telephone that the policy was canceled. The policy apparently provided that it might be canceled by five days' notice in writing. No notice whatever was given to the mortgagee. In the telephonic conversation with reference to the cancellation of the policy Lauman stated that he would get the policy and return it by mail; that it was in the possession of his brother. Two days later defendant's agent again demanded the policy of Mr. Lauman, who said he would get the policy and mail it. Lauman having neglected to return the policy, defendant's agent called upon him on July 10th and demanded the policy, to which Lauman replied, ''Why worry. . . the policy is canceled and your company has no liability.'' The trial court found that on July 10, 1917, the plaintiff Lauman and the defendant agreed to cancel the policy of insurance; that H. R. Dodd did not agree to cancel the policy of insurance, and that the oral notice theretofore given by defendant to Lauman of the cancellation of the policy was not communicated to H. R. Dodd. In pursuance of these findings the court entered a judgment in favor of H. R. Dodd against the defendant for the full amount of the loss, as the mortgage upon the property was one thousand eight hundred dollars, and denied recovery to Lauman.

The appellant contends that Roy Lauman was the agent for H. R. Dodd, authorized to receive notice of cancellation and to agree to such cancellation. As to such agency, R. G.

Stitch, special agent of the defendant company, testified that on July 23, 1917, he interviewed plaintiff Dodd; that at the time of the interview Dodd did not have the insurance policies; that Dodd stated that he was an insurance broker and that he had formerly placed insurance upon the property for Mr. Lauman, but that the business conducted by Lauman was dyeing and cleaning clothes, and that such establishments were not popular with the majority of companies, particularly those he dealt with; that it took a great deal of his time replacing policies that had been ordered canceled by the companies, and had so much detail attached to it that he finally gave the matter up; that he had not kept any further record of the insurance for another reason, namely, that the value of the lots would just about protect him in the event of a loss at any time, but that he preferred the insurance kept on the property on account of the fact that it would be better to have improved property and insurance to protect it than to have just the bare lots. "That he had instructed Mr. Lauman to take care of the insurance, the placing of the insurance himself after he had ceased to act as his broker, as I would take it, or agent, to take out insurance on the property and keep it insured, and never paid any attention to it further than that; that he didn't have the Springfield policy nor any policies in force at that time, or any record of them." Mr. Heinsch testified concerning the same interview: That Mr. Dodd stated that he had no record of the insurance for several months, "that he had not had any interest in the insurance; that is, he did not have any knowledge of insurance for several months . . . that he told Lauman to attend to the insurance himself and keep it insured, and he would depend upon him to keep it fully insured; that he did not care to be bothered with it any more." It is held in *Ferrar* v. *Western Ins. Co.,* 30 Cal. App. 489, [149 Pac. 609], (see, also, *Edwards* v. *Home Ins. Co.,* 100 Mo. App. 695, [73 S. W. 881]), that where a broker or agent is employed to keep the property insured, he had the authority to cancel as well as to procure insurance. [1] But the authority to keep the property insured would not be authority to consent to a cancellation of insurance which would leave the property wholly without insurance. In this case the effect of the agreement to cancel the insurance was to leave the mortgagee without any protection, although the contract already in force entitled him

to protection for ten days.  [2] However, the relationship between Lauman and Dodd was not that of principal and agent. They were mortgagor and mortgagee and their relation to the property was fixed by the mortgage and by the policy of insurance wherein it was specifically agreed that the notice of cancellation should not be effective against the mortgagee until after ten days' notice in writing to him. The fact that the mortgagee left the matter of securing insurance to the mortgagor did not necessarily constitute the mortgagor his agent. It is usual to provide in mortgages that the mortgagor shall secure insurance which will protect the mortgagee. There is no question of ostensible agency involved in the case. The notice given to the mortgagor was not communicated to the mortgagee and was in no sense notice to the mortgagee. The conclusion of the trial court that the plaintiff Dodd was not notified of the cancellation of the policy as required by its terms is justified by the evidence. The policy of insurance was therefore in force at the time of the fire and the judgment of the superior court to that effect was correct.

Judgment affirmed.

Sloane, J., and Lennon, J., concurred.