(February 19, 1923.)

JAMES McDONALD, Respondent, v. NORTH RIVER IN-
SURANCE COMPANY, Appellant.

[213 Pac. 349.]

INSURANCE — CANCELATION — NOTICE — VENDOR AND VENDEE — APPEAL
   AND ERROR—ASSIGNMENTS OF ERROR—PRINCIPAL AND AGENT.

   1.   An assignment of error specifying that the court erred in giving the instructions to the jury as given by it, without setting out in what particulars the instructions are erroneous, *held* too general and insufficient and therefore not reviewable.

   2.   An assignment of error to the effect that the evidence is not sufficient to support the verdict of the jury will not be considered by the appellate court where appellant fails to set out in his brief the particulars of its insufficiency, and the court will not examine the record to ascertain such insufficiency.

3: An insurer of personal property against fire and theft, in the absence of agreement with insured to the contrary, cannot cancel the insurance policy except as provided by its terms, and where the policy provides for ten days' notice of cancelation to the insured, such notice must be given.

4. A policy of insurance, made payable to vendor and vendee, as their interests may appear, cannot be surrendered by the vendor for cancelation without the consent of the insured, though vendor has possession of the policy.

5. An agent authorized specially to procure insurance has no authority to accept notice of or consent to its cancelation, so as to bind the insured by such action.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action in *assumpsit*. Judgment for plaintiff. *Affirmed*.

C. C. Cavanah, for Appellant.

The policy of insurance having been ordered by the Folts Motor Car Co. conditional on McDonald accepting it, and having remained in the possession of the motor car company until its surrender to the company for cancelation, the surrender and the cancelation for the reasons stated, ''That it was not desired,'' terminated the contract, if indeed it ever was a valid and binding contract. (Joyce on Insurance, sec. 611; Richards on Insurance, p. 389; *Morriss v. Home Ins. Co.*, 78 Misc. 303, 139 N. Y. Supp. 674; *Ikeller v. Hartford Fire Ins. Co.*, 24 Misc. 136, 53 N. Y. Supp. 323; *Stone v. Franklin Fire Ins. Co.*, 105 N. Y. 543, 12 N. E. 45; *Karelsen v. Sun Fire Office*, 122 N. Y. 545, 25 N. E. 921.)

The agent who effects insurance and holds the policy in his possession may surrender same or deal otherwise re-

Publisher's Note.

3. Acts sufficient to effect cancelation of fire policy by insurer, see notes in 17 Ann. Cas. 795; Ann. Cas. 1915A, 1233.

5. Insurance broker as agent for insured as to notice of cancelation of policy, see notes in 20 L. R. A. 283; 38 L. R. A., N. S., 623.

garding it. (*Cassedy v. Louisiana State Ins. Co.*, 6 Mart. (La.), N. S., 421; *Chesapeake Ins. Co. v. Stark*, 6 Cranch (U. S.), 268, 3 L. ed. 220.)

The policy having been delivered to the Folts Motor Car Co. conditional on being accepted by McDonald, the company was free to withdraw at any time before ratification or acceptance by McDonald. (Mechem on Agency, sec. 179; *Marqusee v. Insurance Co. of N. A.*, 211 Fed. 903, 128 C. C. A. 281.)

The possession of the policy on the part of the agent, under the undisputed facts shown here, is the test of authority on his part as to what he may do with it. (*Morriss v. Home Ins. Co.*, 78 Misc. 303, 139 N. Y. Supp. 674; Joyce on Ins., sec. 639a; *Standard Oil Co. v. Triumph Ins. Co.*, 64 N. Y. 85; *Parker & Young Man. Co. v. Exchange Fire Ins. Co.*, 166 Mass. 484, 44 N. E. 614; *Kooistra v. Rockford Ins. Co.*, 122 Mich. 626, 81 N. W. 568; *Northern Assur. Co. v. Standard Leather Co.*, 165 Fed. 602, 91 C. C. A. 440; *Lipman v. Niagara Fire Ins. Co.*, 121 N. Y. 454, 24 N. E. 699; Richards on Ins., p. 389, 14 R. C. L., p. 1010.)

Plaintiff having placed it within the power of the Folts Motor Car Co. to mislead the defendant by surrendering the policy, who acted in good faith in canceling it, will be bound by the surrender, though it was made without authority. (*Kooistra v. Rockford Ins. Co., supra; Standard Oil Co. v. Triumph Ins. Co., supra; Parker & Young Man. Co. v. Exchange Fire Ins. Co.*, 166 Mass. 484, 44 N. E. 614.)

Proctor K. Perkins and Clinton H. Hartson, for Respondent.

Party or mortgagee to whom loss is made payable cannot consent to cancelation of policy in absence of authority from insured. (26 C. J. 139, 140; 2 Clement on Insurance, p. 415; *Matter of Moore*, 6 Daly (N. Y.), 541; *Edwards v. Sun Ins. Co.*, 101 Mo. App. 45, 73 S. W. 886; *Marrin v. Stadacona Ins. Co.*, 43 U. C. 556, 4 Tupper, 330; *Peterson v. Hartford Ins. Co.*, 87 Ill. App. 567; *Continental Ins. Co. v. Parkes*, 142

Ala. 650, 39 So. 204; Joyce on Insurance, p. 1481; *Cronenwett v. Iowa Underwriters*, 44 Cal. App. 571, 186 Pac. 824; *Hartford Fire Ins. Co. v. Peterson*, 209 Ill. 112, 70 N. E. 757; *Chadbourne v. Ins. Co.* (C. C.), 31 Fed. 533; Cooley on Insurance, p. 2819; *Provident Sav. Life Assur. Soc. v. Georgia Co.*, 124 Ga. 399, 52 S. E. 289.)

Mere possession of policy by agent does not confer authority to cancel. (Cooley on Insurance, p. 2797; *British American Assur. Co. v. Cooper*, 26 Colo. 452, 58 Pac. 592; *German Ins. Co. v. Rounds*, 35 Neb. 752, 53 N. W. 660; *Marysville Merc. Co. v. Home Fire Ins. Co.*, 21 Ida. 377, 121 Pac. 1026.)

Question of authority of agent to cancel is one of fact. (2 Joyce on Insurance, p. 1482; *Bennett v. City Ins. Co.*, 115 Mass. 241.)

BUDGE, C. J.—This action was brought by respondent to recover upon a policy of insurance. The complaint alleges the purchase of an automobile from Folts Motor Car Company by respondent, as part payment for which he executed a title-retaining note for $1,500, which contained the following provision:

"I agree to fully insure said motor car against fire and theft for the benefit of said company, paying the expense thereof, and making policy payable to said company as their interest may appear. In case the said insurance is not procured as above provided then the said company may at its option, obtain such insurance, and any outlay therefor, shall become a debt payable to this contract on demand."

The record shows that the Folts Motor Car Company applied for and obtained from appellant insurance upon the automobile in question, in the sum of $2,000. The policy was made to respondent and contained the following rider:

"It is understood and agreed that the Automobile described in this Policy has been purchased under contract by Jas. McDonald from Folts Motor Car Company. Therefore, loss if any, under this policy, shall be payable to the vendor and vendee, as their respective interests may appear. All

36 Idaho.—41

other terms and conditions of the within Policy remaining unchanged.''

The policy also contained the following stipulation:

''This Policy shall be canceled at any time at the request of the insured; or by the Company by giving ten days' notice of such cancelation.''

The policy was dated November 29, 1916, and by its terms expired on November 29, 1917. The car was totally destroyed by fire on May 4, 1917. Appellant, without questioning the amount of the loss, denied all liability on the policy. At the time of the loss no part of the premium had been actually paid but it was in evidence that the Folts Motor Car Company, by continued business, had been the recipient of credit from appellant and it further appears that the former company had sufficient funds belonging to respondent with which to pay the premium. The note of respondent was assigned to the First National Bank of Idaho by the Folts Motor Car Company and the policy in question attached to and deposited therewith. Appellant notified Folts Motor Car Company and respondent that the premium was due upon the policy and requested payment of the same. The latter company, without the knowledge of respondent, informed appellant that respondent would insure the car in a company of his own and asked that the policy be canceled flat, that is, without expense to it. After the lapse of three months the policy was obtained from the bank by Folts Motor Car Company and surrendered to appellant for cancelation. No notice of the surrender or cancelation of the policy was given to respondent and he had no knowledge that the policy had been canceled until after the automobile had been destroyed.

From a judgment rendered in favor of respondent for the amount of the policy with interest, this appeal is prosecuted.

Appellant makes the following assignments of error:

''The court erred:

''First: In denying defendant's motion for judgment of nonsuit and dismissal at the close of plaintiff's case and at

the close of all the evidence and in denying defendant's motion for peremptory instructions.

"Second: In giving the instructions to the jury as given by it.

"Third: In refusing to give defendant's requested instruction No. 3. In refusing to give defendant's requested instruction No. 5.

"Fourth: In refusing to give defendant's requested instruction No. 4.

"Fifth: Insufficiency of the evidence to support the verdict of the jury."

There is no merit in appellant's first assignment of error.

The second assignment of error is too general and constitutes no assignment of error. The instructions complained of as erroneous are not set out at length in the brief, neither does appellant point out particularly in what respect the instructions given were not applicable to any issue on the trial or the particulars wherein the instructions were erroneous, which being true, the assignment is insufficient and is not reviewable on appeal. (*Bowers v. Union Pac. R. Co.*, 4 Utah, 215, 7 Pac. 251; *Gregg v. Berkshire*, 10 Kan. App. 579, 62 Pac. 550; *Johnson v. Fanno*, 23 Or. 514, 32 Pac. 396; *Shoemaker v. Bryant Lumber & Shingle Mill Co.*, 27 Wash. 637, 68 Pac. 380.)

The fifth assignment of error cannot be considered by this court for the reason that under the statutes of this state the sufficiency of the evidence to sustain the verdict may be inquired into, "provided a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court." (*State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *Hurt v. Monumental Mercury Min. Co.*, 35 Ida. 295, 206 Pac. 184; *Citizens' Right of Way Co., Ltd., v. Ayers*, 32 Ida. 206, 179 Pac. 954; *Weber v. Pend D'Oreille Mining & Reduction Co.*, 35 Ida. 1, 203 Pac. 891.)

It is next contended that the court erred in refusing to give certain instructions requested by appellant to the effect

that if the Folts Motor Car Company had general authority to obtain the insurance and that it afterwards surrendered the policy before the destruction of the automobile, then appellant was not liable. The authority upon which appellant seeks to sustain this contention is that the Folts Motor Car Company had general authority to obtain insurance. The only authority given to obtain this insurance is contained in the note wherein it is provided that in the event respondent did not insure the automobile against fire and theft for the benefit of the Folts Motor Car Company and pay the expense thereof, that the latter company was authorized to procure such insurance at its option and any outlay therefor became a debt due from respondent and payable on demand. The rider attached to the policy, which became a part of the contract, provided that the policy covered the car purchased under the contract by respondent from the Folts Motor Car Company and that in the event of any loss the policy was payable to the vendor and vendee as their respective interests might appear. The authority to obtain the policy was special and not general. The insurance obtained was for the benefit of both vendor and vendee. The Folts Motor Car Company were not general brokers engaged in the business of procuring insurance, which being true, the authorities cited by appellant are not in point and notice to it of the cancelation of the policy would not be notice to respondent. Even conceding that the Folts Motor Car Company was the agent of respondent for the purpose of procuring this particular insurance, notice of cancelation to such agent would not be binding upon respondent (*In the matter of Moore,* 6 Daly (N. Y.), 541; *Cronenwett v. Iowa Underwriters,* 44 Cal. App. 571, 186 Pac. 824; *Grace v. American Central Ins. Co.,* 109 U. S. 278, 3 Sup. Ct. 207, 27 L. ed. 932; *Condon v. Exton-Hall Brokerage & Vessel Agency,* 80 Misc. 369, 142 N. Y. Supp. 548; *Lauman v. Springfield Fire & Marine Ins. Co.,* 184 Cal. 650, 195 Pac. 50; *Pauley v. Sun Ins. Co.,* 79 W. Va. 187, 90 S. E. 552; *Lauman v. Concordia Fire Ins. Co.,* 50 Cal. App. 609, 192 Pac. 128; Id., 195 Pac. 951; *Quong Tue Sing v. Anglo-Nevada Assur. Corp.,* 86

Cal. 566,. 25 Pac. 58, 10 L. R. A. 144; *Stewart v. Coleman & Co.*, 120 Miss. 28, 81 So. 653), nor to any other person than the one obligated to pay the premium. (*Chadbourne v. German-American Ins. Co.*, 31 Fed. 533; *Davis v. Continental Ins. Co.*, 60 Pa. Super. Ct. 341; *London & L. Fire Ins. Co. v. Turnbull*, 86 Ky. 230, 5 S. W. 542; 26 Corpus Juris, sec. 162, p. 137 (citing many cases); *Farnum v. Phoenix Ins. Co.*, 83 Cal. 246, 17 Am. St. 233, 23 Pac. 869; *Clark v. Ins. Co. of North America*, 89 Me. 26, 35 Atl. 1008, 35 L. R. A. 276; *Davidson v. German Ins. Co.*, 17 N. J. L. 487, 12 Ann. Cas. 1065, 65 Atl. 996, 13 L. R. A., N. S., 884.)

The relationship existing between the respondent and the Folts Motor Car Company is similar to that of mortgagor and mortgagee or pledgor and pledgee. Of this relationship appellant had full notice when the policy was issued, and made the same payable to respondent and Folts Motor Car Company as their interests might appear. Under these circumstances, notice of cancelation of the policy to, or the surrender of the policy by, the Folts Motor Car Company would not be notice to respondent, neither would a surrender of the policy by the Folts Motor Car Company defeat his right to recover thereon. (*Kinney v. Rochester German Ins. Co.*, 141 Ill. App. 543.) In the case of *Peterson v. Hartford F. Ins. Co.*, 87 Ill. App. 567, it was held: "The consent of a mortgagee of the insured premises to the cancelation of the policy, without the knowledge of the insured, is ineffectual, and cannot deprive him of his rights," and in that case the court said:

"The circumstance that the mortgagee, for whose use this suit was brought, consented to the cancelation of the policy cannot be held to deprive the assured of his right. Peterson, the assured, had no knowledge or notice of the action of the mortgagee, or the insurance company, until after the fire had occurred, and his property became destroyed, and it would be a most harsh doctrine to hold that somebody else might surrender his rights without knowledge on his part or notice of any kind to him.

"The contract of insurance was with Peterson. His rights were fixed by that contract, and he could not be deprived of them without his consent, except in the manner provided by the contract.

"The mortgage clause became a part of the contract, but its effect, so far as questions here involved are concerned, was no more than to give to the mortgagee the right to receive from the insurance company whatever loss or damage Peterson might sustain under the policy. No right existed in the mortgagee under the mortgage clause to cancel the policy, and thus abrogate and destroy Peterson's contract with the insurance company, and any attempted accomplishment of such result by the mortgagee was entirely ineffectual as against Peterson.

"The policy not being rightfully canceled, it remained in full force and effect, and was in law, at the time the fire occurred, just as effectual to maintain a suit upon as though it had always remained in Peterson's hands."

In the case of *Continental Ins. Co. v. Parkes*, 142 Ala. 650, 39 So. 204, it is held: "A fire policy, naming the owner of the property insured as the assured, and providing that a loss shall be payable to a mortgagee as his interest may appear, cannot be surrendered by the mortgagee without the consent of the assured, though mortgagee has possession of the policy."

Also, in the case of *Edwards v. Sun Ins. Co.*, 101 Mo. App. 45, 73 S. W. 886, it is held: "A person holding an insurance policy as collateral security certainly has no right. unless the circumstances are exceptional, to consent to the cancelation of the insurance without notice to the owner, and thereby leave the property uninsured, and the owner ignorant of that fact. Notice of cancelation must be given to the insured, or to some agent whose general or special powers are sufficient to render notice to him equally effective. (*Rothschild v. Insurance Co.*, 74 Mo. 41, 41 Am. Rep. 303.)"

Where the contract of insurance provides for notice the policy cannot be canceled in the absence of such notice to the

insured (*Davis v. Continental Ins. Co.*, 60 Pa. Super. Ct. 341; *Lauman v. Springfield Fire & Marine Ins. Co.*, 184 Cal. 650, 195 Pac. 50; *Dallas v. Guardian Fire Ins. Co.*, 113 S. C. 492, 101 S. E. 859; *Hartford Fire Ins. Co. v. Tewes*, 132 Ill. App. 321; *Rosen v. German Alliance Ins. Co.*, 106 Me. 229, 76 Atl. 688; *Continental Ins. Co. of New York v. Phipps* (Mo. App.), 190 S. W. 994), regardless of the fact that the premium has not been paid. (*Homestead Fire Ins. Co. v. Ison*, 110 Va. 18, 65 S. E. 463; *Wytheville Ins. Co. v. Teiger*, 90 Va. 277, 18 S. E. 195; *Miller v. Brooklyn Life Ins. Co.*, 12 Wall. 285, 20 L. ed. 398; 26 Corpus Juris, p. 61, sec. 55; *Farnum v. Phoenix Ins. Co.*, 83 Cal. 246, 17 Am. St. 233, 23 Pac. 869; *Provident Sav. Life Assur. Soc. v. Georgia Industrial Co.*, 124 Ga. 399, 52 S. E. 289.)

It is strenuously insisted by appellant that the policy was surrendered and canceled at the request of respondent. While there is a conflict in the evidence the jury found adversely to this contention and we need not decide this question.

The appellant having failed to comply with the terms of its policy by notifying respondent of the cancelation of the same, the judgment of the trial court must be affirmed, and it is so ordered. Costs are awarded to respondent.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.