[Civ. No. 17213.  First Dist., Div. Two.  Apr. 29, 1957.]

VIRGINIA SAVARESE, Appellant, v. STATE FARM MU-
TUAL AUTOMOBILE INSURANCE COMPANY (a
Corporation), Respondent.

Robert L. Condon and David A. Dolgin for Appellant.

Berry, Davis & Channell for Respondent.

DRAPER, J.—Plaintiff first recovered judgment against Floyd J. Dickerson for injuries to person and property sustained in an automobile collision which occurred at about 2 o'clock a. m., June 15, 1954. She then brought this action, alleging that defendant was, at the time of the accident, the insurer of Dickerson against liability arising from his operation of his automobile, and seeking recovery from the insurer of the amount of the earlier judgment. Defendant contended that the policy had in fact been cancelled at 12:01 a. m. on the day of the accident. The case was tried to the court without a jury. Judgment was for defendant, and plaintiff appeals.

Respondent's underwriting superintendent identified a copy of a letter, properly addressed to Dickerson, dated June 3, 1954. This letter notified him that his insurance was "cancelled as of June 15, 1954, at 12:01 A. M." This witness testified that the established practice of the company is to type an original and copies of this letter, together with original and copy of cancellation notice to the lien holder, 10 days before the date they bear. Upon typing, a copy of the letter to the owner is sent to the company's agent, to give him advance notice of the action. The remaining letters are clipped together and placed in a suspense file. On the date they bear, the letters (to owner and lien holder) are mailed. If any such letter is returned, efforts are made to effect delivery, and the original envelope is retained in the file. In the case at bar, the letter to Dickerson was not returned.

Dickerson testified that he did not receive the notice of

cancellation, but the trial court found that it had in fact been delivered to him. Appellant contends that the insurer must show actual delivery of the notice to Dickerson. Appellant then argues that, in the absence of testimony by the party who deposited the letter with the post office, its mailing, is shown only by the presumption that "the ordinary course of business has been followed" (Code Civ. Proc., § 1963, subd. 20). There is no direct evidence of receipt of the letter by Dickerson and, says appellant, such receipt is evidenced only by another presumption (Code Civ. Proc., § 1963, subd. 24). This, says appellant, amounts to basing a presumption upon a presumption, and thus results in inadequate proof of receipt.

Appellant cites no decision for the claimed rule that a presumption cannot be based upon a presumption. We have found a few California cases which make that statement, but, in all these, the statement is wholly dicta. Typical is *Puckhaber* v. *Southern Pac. Co.,* 132 Cal. 363 [64 P. 480]. In that case, there was no evidence whatever to support the verdict, and it is difficult to find any factual basis for even one presumption. ■ In this state, where a presumption is recognized as evidence (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 P. 529]), there seems no reason to proscribe a presumption upon a presumption. The dictum relied upon by appellant apparently finds its basis in the more often quoted denunciation of "an inference upon an inference." But that dictum, too, has been exposed as an overly broad statement. ■ The true rule has been stated to be that an inference may be based on another inference if the first inference is a reasonably probable one (*Ybarra* v. *Spangard,* 93 Cal.App.2d 43, 47 [208 P.2d 445] ; *Vaccarezza* v. *Sanguinetti,* 71 Cal.App. 2d 687 [163 P.2d 470] ; *West Coast Life Ins. Co.* v. *Crawford,* 58 Cal.App.2d 771 [138 P.2d 384] [hearing in all these cases denied by Supreme Court]. See also 1 Wigmore on Evidence [3d ed.] 435). ■ Of course, the building of inference upon inference may often result in a progressive weakening of logical sequence, and lead to an ultimate conclusion which is untenable on the basis of the facts proven. When an ultimate inference is thus remote from the evidence, it should be rejected.

As already pointed out, the presumption is itself deemed evidence in California. In jurisdictions where this rule is not followed, the presumption, in the sense that it is a rule of law requiring the fact finder to reach a particular conclusion upon

established facts, disappears when contradictory evidence is introduced. In such jurisdictions, however, the evidence upon which the presumption was based remains before the trier of fact, who may (although he no longer must) find the fact of mailing from the evidence of custom and habit of the particular business concern, and such other evidence as is produced. Thus, the finding here involved would find support, not as a conclusion following the dictate of the presumption, but rather as a fact inferred from the evidence. ■ We find no objection to a presumption based upon a fact logically deduced or inferred from the evidence.

■ In the case at bar, the strong inference of mailing based upon the detailed evidence as to established practice of respondent is buttressed by evidence that the lienholder's letter, which was clipped with that to Dickerson in respondent's suspense file, was in fact received by the addressee in due course. Appellant contends that this evidence was improperly admitted, arguing that Dickerson's policy could be cancelled only by notice to him. This, of course, is true, and the testimony could not have been received on the theory that notice to the lienholder was notice to the owner. But the evidence did have probative value as to the company's compliance, in the case of this notice, with the usual practice in mailing. Whether the process be described as presumption, inference or "presumption of fact," it is logically permissible to deduce that the notice was mailed. Thus, there is an adequate basis for the application of the presumption that it was received (see 1 Wigmore on Evidence [3d ed.], *supra*, § 95).

There is no question that Dickerson's denial of receipt of the notice created a conflict in the evidence sufficient to sustain a finding in accordance with his testimony (*Jensen* v. *Traders etc. Ins. Co.*, 141 Cal.App.2d 162 [296 P.2d 434]). But here the court found against the insured, and upon the conflicting evidence that finding must be sustained.

Appellant bases much of her argument upon her view of the testimony of respondent's agent. But that testimony is conflicting within itself, and determination of the conflicts within this witness' testimony is for the trial court.

The policy provided that insurer could cancel "by mailing to the named insured . . . written notice stating when not less than five days thereafter such cancellation shall be effective," and also provided that "the mailing of notice as aforesaid shall be sufficient proof of notice." Under this language, it would seem that mailing of the notice, without direct proof

of its receipt, would be sufficient to effect cancellation. We find nothing to the contrary in *Naify* v. *Pacific Indem. Co.,* 11 Cal.2d 5 [76 P.2d 663, 115 A.L.R. 476], or *Jensen* v. *Traders etc. Co., supra,* 141 Cal.App.2d 162, cited by appellant. However, the principal point argued by appellant is the sufficiency of the evidence to support the finding of receipt. In the light of our conclusion upon that proposition, it is unnecessary to pass upon this issue.

■ Cancellation of the policy as to Dickerson was specified to be effective at 12:01 a.m., June 15, whereas the notice to the lien holder merely stated the date, and not the hour, of cancellation. The result is that the policy remained in effect as to the lien holder after its cancellation as to the owner. The evidence shows that this is the established practice of respondent. Appellant contends that the policy cannot be cancelled as to the owner so long as it remains in effect as to the lienholder. But the courts have treated the rights of the owner and the "loss payee" as independent (*Protex-A-Kar Co.* v. *Hartford Acc. etc. Co.,* 102 Cal.App.2d 408 [227 P.2d 509] ; *Lauman* v. *Springfield Fire etc. Co.,* 184 Cal. 650 [195 P. 50]). Here, the policy clearly requires distinct cancellation notice to the lien holder, and clearly establishes a liability to that loss payee independent of that to the owner.

■ Appellant's final contention is that respondent is estopped to deny liability to her. The argument is that the lienholder notified Dickerson of cancellation of its coverage, thus inducing Dickerson to believe that he was covered for the full day of June 15. But the argument is advanced by plaintiff, not Dickerson. Appellant does not show how any action by her in connection with the collision could have been induced by any reliance upon Dickerson's insurance. If she voluntarily chose to collide with his car, she could not recover from him. But if she had no choice as to the occurrence, she cannot claim to have relied upon the alleged misleading representation. As to Dickerson, the finding that he received notice of cancellation specifying its precise time would defeat any claim of estoppel made in his behalf.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.