[Civ. No. 20430. First Dist., Div. Three. Mar. 18, 1963.]

LEO BERGER et al., Plaintiffs and Appellants, v. FRANCES LIMON et al., Defendants and Respondents.

150

Sturgis, Den-Dulk, Douglas & Anderson and John D. Den-Dulk for Plaintiffs and Appellants.

Rhodes, Sabraw & Avera and Fred E. Avera for Defendants and Respondents.

DRAPER, P. J.—Plaintiffs appeal from judgment for defendants in this action for damages for fraud. In August 1959, plaintiffs bought from defendant Frances Limon an old four-apartment building. Shortly after the purchase, plaintiffs sought a building permit for remodeling, and then found for the first time that building code violations had been discovered by a city electrical inspector in 1957. Substantial rewiring was required.

The defect is admitted. The sole issue is whether defendants knew of it at the time of sale. The only evidence claimed to bring such knowledge home to them is that of Mr. Ward, an electrical inspector of the City of San Leandro. He testified that he went to the building March 1, 1957 and talked to a woman who identified herself as "Lillian" Limon (defendant Limon's first name is Frances). She admitted him to the premises. Returning to his office, he prepared in rough form a "requirement sheet" specifying wiring defects. Copy of this document is in evidence. It lists as owner "Mrs. Lillian

Limon'' at the street address of the apartments. While Mr. Ward testified that it had been mailed, cross-examination revealed that he had no recollection of signing it, and no knowledge of its mailing. In 1958, when he noticed a ''for sale'' sign on the property he wrote a letter to the real estate broker, with copy to Mrs. Limon, calling attention to the defects.

Defense testimony established that defendant Limon spoke almost no English, and read or wrote none. Mrs. Limon became ill in 1956, suffered a stroke March 21, 1957, was hospitalized, and at time of trial was still too ill to appear. Her daughter testified that she acted for her mother in all matters of business after the mother's illness, but that she had not seen nor had her mother ever mentioned to her either communication from the city department. There is evidence that the broker did not receive the 1958 letter.

The trial court found that Mrs. Limon did not receive either communication from Mr. Ward, and did not know of his inspection. Plaintiffs contend that the finding is without support in the evidence. They rely upon the disputable presumptions that ''the ordinary course of business has been followed'' and that ''a letter duly directed and mailed was received in the regular course of the mail'' (Code Civ. Proc., § 1963, subds. 20, 24).

■ We need not determine the adequacy of the evidence here to invoke either presumption, since giving them full effect, they merely raise a conflict in the evidence.

By their very definition, these presumptions are not conclusive, but disputable. When contradicted, they remain evidence (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 P. 529]), but are to be weighed by the trier of the fact against the contradictory evidence (*Specht* v. *Keitel*, 190 Cal.App.2d 332, 339 [12 Cal.Rptr. 95]; cf. *Savarese* v. *State Farm etc. Ins. Co.*, 150 Cal.App.2d 518, 521 [310 P.2d 142]). The trial judge, although questioning application of the presumptions, recognized them and held that they had been overcome.

■ The evidence sustains the finding. Failure of the broker addressee to receive the 1958 letter negates receipt of a copy of it by defendant Limon, and casts doubt generally upon the mailing practices of the city office. The mother's lack of knowledge of English raises an inference that she was not the person who admitted Ward and discussed the inspection with him. The daughter's testimony supports the deduction that the mother did not receive either communication.

As to herself, the daughter denied all knowledge of these communications. The conclusion that plaintiffs failed to sustain their burden of establishing defendants' knowledge of the city action thus is supported.

The contention that the findings do not support the judgment is based upon an unduly strained construction of one finding.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.