In the Matter of Earl L. CARTER, d/b/a Highland Farms, Bankrupt.

WELLS FARGO BANK, Petitioner-Appellant,

v.

Earl L. CARTER, d/b/a Highland Farms, Debtor-Appellee.

No. 72–3215.

United States Court of Appeals, Ninth Circuit.

Feb. 26, 1975.

Stephen A. Mazurak (argued), of Brobeck, Phleger & Harrison, San Francisco, Cal., for petitioner-appellant.

J. Roderick Jarrett (argued), Fresno, Cal., for debtor-appellee.

## OPINION

Before BROWNING and WRIGHT, Circuit Judges, and PECKHAM, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from a district court order affirming the decision of a referee in bankruptcy denying Wells Fargo's claim for a deficiency owed on a tomato harvester. We affirm.

The debtor, Earl L. Carter, had purchased the harvester under an equipment sale contract and security agreement which covered a secured balance of $8,000. The seller assigned the contract to Wells Fargo. Carter failed to make the first payment due under the contract and subsequently filed a petition for an arrangement pursuant to Chapter XI. Wells Fargo filed a claim which included the $8,000 balance owed by Carter, and the bankruptcy judge approved a stipulation allowing repossession.

Shortly thereafter, the bank sent notice of foreclosure sale by certified mail, return receipt requested, to Carter at his residence. The notice was returned unclaimed before the sale. Wells Fargo made no further attempt to notify the debtor, although its officers knew his whereabouts and had business dealings with him through a branch office.

The harvester was sold for $2,250 and Wells Fargo claimed a deficiency for the $5,750 balance. Carter objected on the ground that he had not been notified of the sale.

■ The bankruptcy judge found that the bank had not satisfied the notice requirements of § 9504(3) of the California Commercial Code, and was therefore precluded from asserting a deficiency claim. The district court affirmed that order upon a petition for review. We affirm.

Section 9504(3) of the Uniform Commercial Code as adopted by California requires the lienholder to notify the bor-

rower of a foreclosure sale either by personally delivering the notice or by depositing it in the United States mail, postage prepaid, addressed to the debtor. This section of the California Code differs from the Uniform Commercial Code which requires only "reasonable notice." By substituting a definite standard California hoped to avoid controversy in each case as to whether the notice was reasonable.[1]

Wells Fargo argues that, having mailed a certified letter addressed to the debtor, return receipt requested, it has more than complied with the California provisions, and that the statutory presumption of receipt should apply.

■ The presumption that a letter duly mailed was received by an addressee is not conclusive, but rebuttable by satisfactory evidence to the contrary. Tremayne v. American SMW Corp., 125 Cal.App.2d 852, 271 P.2d 229 (1959); Berger v. Limon, 214 Cal.App.2d 149, 29 Cal. Rptr. 483 (1963). Consequently, where, as here, there is uncontradicted evidence that the letter mailed was not received, the presumption of receipt is overcome.

■ The notice requirement is for the protection of the debtor. Its purpose is to permit the debtor to bid at the foreclosure sale or to otherwise assure that the sale was conducted in a commercially reasonable manner. Mallicoat v. Volunteer Fin. Co., 57 Tenn.App. 106, 415 S.W.2d 347, 350 (1966). Here that purpose has been frustrated by the failure of the bank to attempt a second delivery when it knew the notice had not been received by the debtor.

■ An officer of one branch of Wells Fargo had waited upon Carter at the branch office during the period prior to the sale and knew of Carter's whereabouts. Generally, a bank is chargeable with knowledge acquired by the manager or officers of a branch bank in the course of their duties. Harter v. People's Bank of Buffalo, 221 App.Div. 122,

---

* Of the Northern District of California.

1. Sixth Progress Report to the Legislature by Senate Fact Finding Committee on Judiciary (1959–1961) Part 1, The Uniform Commercial Code, p. 587.

223 N.Y.S. 118 (1927); Bank of United States v. Cooper-Bessamer Corp., 146 Misc. 20, 261 N.Y.S. 687 (1932).

Section 1103 of the California Commercial Code provides that, unless displaced by particular provisions of the Code, the principles of law and equity, including the law merchant will supplement its provisions. Prior to the adoption of the Commercial Code, California law clearly provided that a creditor who disposed of property without following the notice requirement was barred from recovering a deficiency judgment. Atlas Thrift Co. v. Horan, 27 Cal.App.3d 999, 104 Cal.Rptr. 315, 318 (1972). Metheny v. Davis, 107 Cal.App. 137, 290 P. 91 (1930).

 Neither party contends that this prior law has been displaced by a particular provision of the Code. It is still in effect, and applies here to bar Wells Fargo from recovering a deficiency judgment. *Atlas Thrift, supra.* Further, although Wells Fargo could be said to have technically complied with the notice provision, § 1203 of the California Commercial Code requires "good faith" in the performance of every contract or duty within the code. Proceeding to sale with knowledge that the debtor had received no notice can scarcely be said to be in good faith.

We conclude that failure by Wells Fargo to take proper steps to notify the debtor of the foreclosure sale after being put on notice that the letter had not been received, precludes it from recovering a deficiency judgment.

Affirmed.