**In re Kevin T. PARSONS and Hillary Greenwood Parsons, Debtors.**

**SOUTHWEST BANK, a California banking corporation, Plaintiff,**

v.

**Kevin T. PARSONS and Hillary Greenwood Parsons, Defendants.**

**Bankruptcy No. 88–09513–H7.**
**Adv. No. 89–90089–H7.**

United States Bankruptcy Court,
S.D. California.

Feb. 28, 1991.

David A. Ebersole, Weil & Walters, Carlsbad, Cal., for plaintiff Southwest Bank.

James J. Biggins, Jr., San Diego, Cal., for defendants/debtors Parsons.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

Plaintiff, Southwest Bank ("Southwest") filed this adversary proceeding against the debtors/defendants Kevin T. Parsons and Hillary Greenwood Parsons ("the Parsons") to determine the dischargeability of Southwest's loan to the Parsons under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B).

At issue is whether a claim is extinguished for purposes of maintaining an action against the debtor under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B) where a creditor sells collateral without notice to the debtor as required by California Commercial Code § 9504(3). It appears that this issue is a case of first impression.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

## FACTS

The court finds that the following facts are undisputed by the evidence presented.

Southwest loaned the Parsons $100,000 in June, 1988, to allow Dr. Parsons to establish a medical practice. This loan was secured by virtually all business property of every kind owned or subsequently acquired by the Parsons in the course of establishing the medical practice. Among the assets acquired were certain medical equipment and supplies. The medical practice did not proceed according to plan and the Parsons sought protection of the bankruptcy court by filing a petition under Chapter 7 in December, 1988. Southwest obtained possession of the medical equipment and supplies through the voluntary cooperation of the Parsons in May, 1989.

Southwest proceeded to solicit bids for the medical equipment and ultimately sold all of the equipment for $8,500 in October, 1989. Southwest admits that this sale took place without notice to the debtors as provided by California Commercial Code § 9504(3).

## DISCUSSION

Summary judgment is proper if the affidavits and other pleadings demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *In re Zupancic,* 38 B.R. 754, 757 (9th Cir.BAP 1984); See also, Bankruptcy Rule 7056; Federal Rule of Civil Procedure 56(c); *In re San Antonio Acres, 72 Plus,* 37 B.R. 842, 844 (C.D.Cal.1984); *In re Sarner,* 22 B.R. 63, 64 (9th Cir.BAP 1982). The movant has the burden of establishing the absence of a triable issue of fact. If the movant's initial burden is satisfied, the burden then shifts to the non-moving party to come forward with specific facts showing that there remains a genuine factual issue for trial. *In re Dumas,* 28 B.R. 1, 2 (9th Cir.BAP 1983).

The validity of a creditor's claim is determined by rules of state law. *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755, 21 B.C.D. 342 (1991); *Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 161, 67 S.Ct. 237, 239, 91 L.Ed. 162 (1946). California Commercial Code § 9504(3) requires that the secured party give the debtor written notice of any sale of collateral. Although the Code does not explain what consequences a secured party will suffer, California law is clear that such notice is a condition precedent to a deficiency judgment. A secured creditor is barred from obtaining a deficiency judgment in the event it fails to give a debtor notice of the sale of collateral. *Crocker National Bank v. Emerald,* 221 Cal.App.3d 852, 861, 270 Cal.Rptr. 699 (1990). See also *Backes v. Village Corner, Inc.,* 197 Cal.App.3d 209, 212–13, 242 Cal. Rptr. 716 (1987); *Rutan v. Summit Sports, Inc.,* 173 Cal.App.3d 965, 971, 219 Cal.Rptr. 381 (1985); *Ford Motor Credit Co. v. Price,* 163 Cal.App.3d 745, 751, 210 Cal.Rptr. 17 (1985). California plainly follows the apparent majority rule. *Nixdorf Computer, Inc. v. Jet Forwarding, Inc.,* 579 F.2d 1175, 1179 (9th Cir.1978).

Southwest admits that it did not give the debtors notice of the sale. Further, Southwest acknowledges the current state of the California law. Notwithstanding the authority against it, Southwest urges that to bar a deficiency judgment against the debtors in this case would be unfair and unjust. Southwest points to its conduct of the sale in a commercially reasonable manner by soliciting and ultimately selecting the highest bid for the collateral. This conduct, though commendable, does not add anything to Southwest's argument.

Commercial reasonableness is a statutory requirement for all sales of collateral; it is not a substitute for compliance with the mandatory notice provisions of California Commercial Code § 9504(3). *Backes*, 197 Cal.App.3d at 216, 242 Cal. Rptr. 716. The notice requirement is designed to ensure commercial reasonableness by preventing secret or collusive sales of collateral. If retrospective arguments about commercial reasonableness could excuse a lack of notice, notice would become a thing of the past. *Backes* at 216–17, 242 Cal.Rptr. 716.

The rule and requirement are simple. If the secured creditor wishes a deficiency judgment he must obey the law. If he does not obey the law, he may not have his deficiency judgment. *Atlas Thrift Co. v. Horan*, 27 Cal.App.3d 999, 1009, 104 Cal. Rptr. 315 (1972).

## CONCLUSION

The Parsons have proven without dispute that Southwest gave no notice of the sale. California law states that such failure bars a deficiency judgment against the debtors. Since the deficiency judgment is Southwest's only claim supporting its § 523 action, its claim is moot and further litigation is unnecessary. For these reasons, the Parsons are entitled to summary judgment.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.