**In re Kevin Duane HULL, Debtor.**

**STATE BANK OF HALLSVILLE, Plaintiff,**

v.

**Kevin Duane HULL, Defendant.**

Bankruptcy No. 92–20088–C.

Adv. No. 92–2058–C.

United States Bankruptcy Court, W.D. Missouri, C.D.

Jan. 4, 1993.

Elton W. Fay, Columbia, MO, for plaintiff.

Peter D. Kerth, St. Louis, MO, for defendant/debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor filed a petition for relief initially under Chapter 11. The case was subsequently converted to a Chapter 7 and has had a somewhat involved history. The State Bank of Hallsville, hereinafter creditor, filed its adversary complaint in two counts. The first count was under 11 U.S.C. § 523(a)(2)(A) and alleged that debtor had transferred, sold, or disposed of five items of personal property which were mortgaged to the creditor.

Creditor's second count was based on 11 U.S.C. § 523(a)(2)(B) alleging that debtor had provided the creditor with a financial statement which was materially false and in writing respecting the debtor's financial condition.

For the purposes of this discussion, the Court will presume that the creditor introduced sufficient evidence to indicate that the debtor had in fact and in truth disposed

of collateral which was secured to the Bank, without the Bank's permission. It would seem to the Court that this was actually an 11 U.S.C. § 523(a)(6) cause of action rather than an 11 U.S.C. § 523(a)(2)(A) cause of action. Likewise, the Court will presume for the purposes of this discussion that the Bank proved all of the elements of a false financial statement under 11 U.S.C. § 523(a)(2)(B). The reason that the Court indulges in these presumptions at this point of the discussion is that there is a fundamental reason why the Bank cannot prevail in the adversary action under either count.

Since 1978, when the case of *Gateway Aviation, Inc. v. Cessna Aircraft Company,* 577 S.W.2d 860 (Mo.App.1978) was announced, it seems to have been established law in the State of Missouri that if no notice of the intended disposition of personal property that was the subject of a security agreement was given to either the debtor, or to guarantors, that anyone who did not receive the notice was no longer liable for any deficiency after the sale of the personal property which had been picked up and sold. This Court faced that same issue in *In re Boehne,* 82 B.R. 525 (Bankr. W.D.Mo.1988). In that case the creditor had picked up the personal property and sold it without written notice to the debtors. Thereafter the creditor sought relief from the stay in bankruptcy so that they could foreclose on 120 acres of real estate which they believed to be the property of debtors.

This Court ruled that since there was no deficiency after the sale of the personalty without the requisite notice called for in Mo.R.S. § 400.9–504 that there was no way they could get a lift of the stay to proceed with foreclosure of the real estate because if there is no deficiency there is no debt and if there is no debt there is no reason to lift the stay.

The Court believes that the same analogy applies here. State Bank of Hallsville took possession of certain personal property under the terms of its security agreement with the debtor. Subsequent thereto, the State Bank of Hallsville had an auction conducted by a licensed auctioneer in the State of Missouri and received payment from said auctioneer of proceeds realized at the sale where the personal property which had previously belonged to the debtor was sold under the terms of the aforesaid security agreement. The Bank did not give the debtor any notice of the proposed public sale, contrary to the mandates of Mo.R.S. § 400.9–504. The Bank attempted to show notice by showing that the auctioneer had published sales bills and posted them around the area but there was no showing that the debtor had actually received a sale bill or actually were notified at any time of the exact time and place of the public sale of his personal property. In view of this the Court holds that there was no deficiency and, therefore, it matters not if this obligation was incurred in violation of 11 U.S.C. § 523 or not. If there is no deficiency there can be no non dischargeable debt because there is no debt whether it is dischargeable or non dischargeable. Accordingly the complaint of the State Bank of Hallsville in this adversary action is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.