**In re Kevin Duane HULL, Debtor.**

**Bankruptcy No. 92–20088–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

June 16, 1993.

Elton W. Fay, Columbia, MO, for Bank of Hallsville.

Peter D. Kerth, St. Louis, MO, for debtor.

Jack E. Brown, Trustee.

### MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The issue in this case is whether a creditor who repossesses and sells collateral without giving the debtor formal notice of the sale is barred by Mo.Rev.Stat. § 400.9–504(3) (Cum.Supp.1992) from filing a claim for a deficiency judgment in the debtor's bankruptcy where the debtor had actual knowledge of the sale and was present at the sale.

### FACTS

This is a bankruptcy case that started out in January of 1992 as a case in Chapter 13. Subsequently, it was converted to Chapter 11 and finally to Chapter 7. Two days before the original bankruptcy filing, the Circuit Court of Boone County issued a replevin order allowing State Bank of Hallsville to take possession from Debtor of certain pieces of farm equipment and vehicles. Those items of personal property served as collateral for loans made to Debtor by the bank. The bank applied to this Court and received a lift of the automatic stay so that they could repossess the equipment and liquidate it. The repossessed equipment was sold at public auction and Debtor was present at the auction. However, it is undisputed that the bank failed to give Debtor formal notice of the sale. The bank has made a claim in Debtor's bankruptcy as an unsecured creditor claiming a deficiency from the sale of the equipment.

### DISCUSSION

■ The Missouri version of the Uniform Commercial Code prescribes the procedures that a creditor must follow when that creditor repossesses and sells collateral. In particular it provides that "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor." (Emphasis supplied). Mo.Rev. Stat. § 400.9–504(3) (Cum.Supp.1992). A creditor who fails to comply with the commands of § 400.9–504(3) and gives no notice of an intended sale of collateral to the debtor waives its right to any deficiency judgment against the debtor. *Gateway Aviation, Inc. v. Cessna Aircraft Co.*, 577 S.W.2d 860 (Mo.Ct.App.1978). Moreover, in Missouri any doubt as to what constitutes compliance with the notice requirements of § 400.9–504(3) will be resolved in favor of the debtor. *Lankheit v. Scherer*, 811 S.W.2d 853 (Mo.Ct.App.1991); *Cherry Manor, Inc. v. American Health Care, Inc.*, 797 S.W.2d 817 (Mo.Ct.App.1990). Under Missouri law, written notice is required to meet the notice requirements of § 400.9–504(3). *Executive Financial Services, Inc. v. Garrison*, 535 F.Supp. 263 (W.D.Mo.1982) *aff'd*, 722 F.2d 417 (8th Cir. 1983); *Cherry Manor, Inc. v. American Health Care, Inc.*, 797 S.W.2d 817 (Mo.Ct. App.1990). Even where the creditor can prove that a debtor received oral notice and had actual knowledge of an impending sale, such notice is insufficient to conform to Missouri's strict interpretation of § 400.9–504(3). *See Boatmen's Bank of Nevada v. Dahmer*, 716 S.W.2d 876 (Mo.Ct.App.1986).

■ Given that Missouri requires strict compliance with the statute and requires that the debtor be given written notice of any sale of collateral in order to be entitled to a deficiency judgment, the fact that Debtor had actual knowledge of the sale and even attended the sale does not cure the bank's lack of compliance with the statute.

### CONCLUSION

In view of the above discussion, State Bank of Hallsville's APPLICATION TO MODIFY THE ORDER DISALLOWING CLAIM AND RESPONSE TO TRUSTEE'S

OBJECTION TO CLAIM NO. 27 is hereby DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.