**COMMERCE BANK OF ST. LOUIS, N.A., Respondent,**

v.

**Margaret B. DOOLING, Appellant.**

**No. 62705.**

Missouri Court of Appeals, Eastern District, Division Two.

May 24, 1994.

Stephen G. Bell, St. Louis, for appellant.

Cyril J. Clancy, St. Louis, for respondent.

CRAHAN, Judge.

Defendant Margaret B. Dooling ("Borrower") appeals the judgment entered against her in a court-tried case brought by Commerce Bank of St. Louis, N.A. ("Bank") to recover a deficiency judgment, costs and attorney's fees following repossession and sale of an automobile. The dispositive issue on appeal is whether Bank satisfied its burden of proof that it provided Borrower with reasonable notice of its sale of the automobile, which is a prerequisite to Bank's right to recover a deficiency judgment after the sale pursuant to § 400.9–504(3) RSMo Cum Supp. 1993. We reverse.

In April, 1989, Borrower co-signed a promissory note to enable her nephew to finance the purchase of a new automobile through an automobile retailer. The note was later assigned to Bank. In applying for the loan, Borrower completed a one page credit application. In the application, Borrower provided her home telephone number and her then current home address of 214 South Clay, Kirkwood, Missouri.[1] She also listed the name, address and telephone number of her local employer.

In August of 1989, Borrower moved from her home at 214 South Clay to a new residence at 8989 Big Bend in Webster Groves, Missouri.[2] Some time thereafter, Bank telephoned Borrower at work to inquire about a late payment. At that time Borrower informed Bank of her new home telephone number, which was entered on the credit application. The record does not disclose whether Borrower also advised Bank of her new address. No new address was noted on the credit application.

Some months later, Borrower's nephew defaulted. In November, 1990, Bank repossessed the automobile. Bank then made two unsuccessful attempts to mail a "Notice of Repossession and Intent to Sell or Dispose of Collateral" to Borrower. The notice stated that Bank had repossessed the car and that it would be sold at a private sale after 20 days from the date of the letter unless the automobile was redeemed by payment of the balance due plus repossession costs.

Bank first mailed the notice by both regular and certified mail to Borrower's former address of 214 South Clay, as listed on the credit application. Borrower did not receive either notice and both were returned to Bank bearing a postal label which incorrectly indicated a forwarding address of 8789 Big Bend.[3] Bank then sent a second notice by both regular and certified mail addressed to 8789 Big Bend. Borrower did not receive either notice and these too were returned to Bank, this time bearing a "no such address" stamp. Bank made no further attempts to notify Borrower of the sale.

In December, 1990, Bank sold the automobile at a private auction.[4] Following the sale, Bank mailed a "Notice of Sale of Collateral and Deficiency Due" to Borrower using the 8789 Big Bend address. Borrower did not receive this notice and it was returned to Bank bearing a "no such address" stamp.

In May, 1991, Bank brought this action to recover the deficiency by personally serving Borrower with the summons and complaint at her place of employment. The case was tried without a jury and resulted in a judgment in favor of Bank for $8,349.00, representing the amount of the deficiency, costs and attorney's fees.

■ Appellate review of a court-tried case is governed by the principles articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court

---

1. Appellant and her nephew resided separately at all times at issue.

2. For the benefit of readers unfamiliar with the St. Louis area, Kirkwood and Webster Groves are neighboring municipalities in the greater St. Louis metropolitan area.

3. It is impossible to tell by examining the change of address sticker affixed by the Post Office whether the Post Office had an incorrect address or the typeface failed to clearly imprint the bottom of the loop of the first "9" in "8989" so that it looked like "8789." We assume for purposes of this opinion and consistent with the judgment that the trial court found the Post Office provided an incorrect new address of "8789 Big Bend."

4. The car, a 1989 Hyundai Excel, which Borrower's nephew purchased new 20 months earlier for $9,647.00, garnered only $1,950.00 at the auction.

will be upheld unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32. The reviewing court accepts evidence and inferences favorable to the prevailing party and disregards all contrary evidence. *Behen v. Elliott,* 791 S.W.2d 475, 476 (Mo.App.1990).

■ The right to a deficiency judgment accrues only when there is strict compliance with the statutory requirements. *Gateway Aviation, Inc. v. Cessna Aircraft Co.,* 577 S.W.2d 860, 863 (Mo.App.1978). The dispositive issue on appeal is whether Bank's evidence establishes that the disposition of the collateral here was commercially reasonable, or more specifically, whether Bank complied with the applicable notification provisions of § 400.9–504(3) RSMo Cum.Supp.1993. That section provides in pertinent part that "every aspect of the disposition ... must be commercially reasonable" and that "reasonable notification of the time after which any private sale or other intended disposition [of the collateral] is to be made shall be sent by the secured party to the debtor."

Section 400.1–201(26) RSMo 1986 defines notification as follows:

A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it.

■ The purpose of statutory notice is to apprise the debtor of the details of a sale so that the debtor may take whatever action he deems necessary to protect his interest. *Cherry Manor, Inc. v. American Health Care, Inc.,* 797 S.W.2d 817, 821 (Mo.App. 1990). A secured party's failure to give reasonable notification of the sale of collateral as mandated by § 400.9–504(3) precludes that party from obtaining a deficiency judgment. *Id.* at 820. The party seeking the deficiency judgment bears the burden of proving compliance with the § 400.9–504(3) requirements, including the burden of proving the sufficiency of the notice. *Id.* at 821. Any doubts as to whether there has been compliance with

the provisions of § 400.9–504(3) are to be resolved in favor of the debtor. *Id.*

■ Bank correctly notes that the code requires only that a secured party send notice of a sale and not that the debtor actually receive it. *See Lankheit v. Estate of Scherer,* 811 S.W.2d 853, 858 n. 2 (Mo.App.1991). Bank further argues that, notwithstanding the additional information about Borrower contained in its records, it satisfied the notice requirement of § 400.9–504(3) by simply sending the notice to Borrower's last known residential address. As authority, Bank relies on § 400.1–201(38) RSMo 1986, defining "send:"

"Send" in connection with any writing or notice means to deposit in the mail ... properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances.

Our research has not disclosed any Missouri cases addressing this precise issue. However, other jurisdictions with comparable statutory provisions have held that mailing notice to the address specified in the instrument does not necessarily satisfy the requirement of "reasonable notification" when the creditor learns prior to the sale that the debtor has not received actual notice. *Mallicoat v. Volunteer Finance & Loan Corp.,* 57 Tenn.App. 106, 415 S.W.2d 347, 350–51 (1966); *In re Carter,* 511 F.2d 1203, 1204–05 (9th Cir.1975). Under such circumstances, the statutory admonition that every aspect of the sale must be "commercially reasonable" and the overall obligation of good faith require the creditor to make use of other information at its disposal in an effort to provide actual notice. *See Mallicoat,* 415 S.W.2d at 350–51; *Carter,* 511 F.2d at 1204–05.

The facts of *Mallicoat* are particularly instructive. In *Mallicoat,* the creditor sent the debtor notice by registered letter which was returned unclaimed prior to the sale. The creditor made no further efforts to provide actual notice. Noting that the debtor lived in the city where the creditor had its place of business and that the creditor had information concerning the debtor's place of employment and parents' address, the court held

that the creditor's failure to make any effort to use this information to provide the debtor with actual notice precluded recovery of a deficiency judgment. 415 S.W.2d at 350–51. By proceeding with the sale knowing full well that the debtor had not received notice, the court found that the creditor had failed to "take such steps as may reasonably be required to inform the other in the ordinary course" that the sale was to occur, as required by the Tennessee equivalent of § 400.1–201(26). Id.[5]

▬ We believe *Mallicoat* is well reasoned and properly reconciles the language and underlying policies embodied in the Uniform Commercial Code. The focus of the statute is on the reasonableness and good faith of the creditor's conduct. In most cases, the mailing of notice to the address specified in the instrument will satisfy the requirement of "reasonable notification" set forth in § 400.9–504(3) and defined in § 400.1–201(26), as well as the more general obligation of good faith found in § 400.1–203 RSMo 1986, because the creditor is entitled to assume that notice directed to such address will reach the debtor in ordinary course. Whether the debtor actually receives the notice prior to the sale is immaterial. However, where the creditor learns prior to the sale that the debtor did not receive the notice, it is no longer reasonable to assume that the debtor has been given the opportunity to protect her interests at the sale. Under such circumstances, the seller's obligations to conduct the sale in a manner that is "commercially reasonable" and to act in "good faith" require, at a minimum, that the creditor make use of such information as may be at hand to attempt to provide the debtor with actual notice. This interpretation is also consistent with established principles of due process. As the United States Supreme Court observed in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950):

> (w)hen notice is a person's due, process which is a mere gesture is not due process.

The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

▬ In this case, Bank did not need to look beyond the face of its own documents to find an array of means by which to contact Borrower when the mailed notices were unsuccessful. A cursory inspection of the one page credit application yields at least three possible alternatives. The application contains not only Borrower's home address but also a home telephone number and the address and telephone number of her place of employment. Therefore, Bank could alternatively have attempted to telephone Borrower at home or at work to obtain the correct home mailing address or attempted to reach her by mail at her place of employment.

In addition, Bank's document custodian testified that the Bank commonly consulted the other telephone numbers and addresses contained on credit applications to contact borrowers and typically telephoned borrowers before repossession. The notation of Borrower's new home telephone number on the credit application confirms that Bank previously telephoned Borrower at work when it was in Bank's interest to do so.

Bank offers no explanation for its failure to follow these practices when Borrower's interests were implicated so profoundly. Plainly, Bank consulted the additional personal information only when its interests were at stake, telephoning Borrower at work to seek a late payment and making personal service upon her at work to commence this deficiency action. In contrast, Bank ignored the additional phone numbers and address when it knew that Borrower had not received notice of the sale. Bank's conduct in mailing the post-sale notice to an address which it knew to be non-existent is particularly telling.

Under these circumstances we hold that, as a matter of law, Bank's evidence was insufficient to support the trial court's implicit finding that Bank took reasonable steps to inform Borrower of the sale required by § 400.1–201(26). Accordingly, Bank's evidence did not establish that the disposition of

---

**5.** The court distinguished *Hudspeth Motors, Inc. v. Wilkinson*, 238 Ark. 410, 382 S.W.2d 191 (1964), relied upon by the creditor, on the ground that there was no indication in that case that the creditor knew the buyer did not receive the notice prior to conducting the sale.

the collateral was commercially reasonable pursuant to § 400.9–504(3). Bank is thus precluded from recovering a deficiency judgment. In view of our holding, we need not address Borrower's remaining point on appeal.

The judgment is reversed.

CRANE, P.J., and KAROHL, J., concur.