**In re Jack Perley HUFFMAN, Debtor.**

**Bankruptcy No. 96–50142.**

United States Bankruptcy Court,
W.D. Missouri.

Jan. 21, 1997.

Stephen B. Strayer, Liberty, MO, for Debtor.

James M. McNeile, Kansas City, MO, for Creditor.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Creditor Ford Motor Credit Company ("FMC") moves this Court to lift the co-debtor stay as to Janet S. Huffman. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, FMC's motion will be DENIED.

The facts are not in dispute. Jack and Janet Huffman were married at the time they purchased a 1988 Mercury Cougar. Janet Huffman signed the Missouri Vehicle Retail Installment Contract as a "Co Buyer." FMC's Ex. # 1. The contract was assigned to FMC. Ultimately, Jack and Janet Huffman were divorced. By the terms of the divorce decree Janet Huffman was awarded possession of said automobile and Jack Huffman was ordered to continue making payments. FMC sent a Notice of Default and Intent to Repossess to Janet Huffman on October 1, 1992, at Route 2, Jamesport, Missouri, 64048. FMC's Doc. # 2. That default was cured. After being granted three extensions by FMC, totaling six months, Mr. Huffman again defaulted on the car loan. By that time, Janet Huffman and the Mercury Cougar had relocated to Iowa. The car was voluntarily surrendered to a Ford Dealer in Iowa on July 19, 1993. Following the voluntary surrender, Janet Huffman was sent a Notice of Repossession and Right to Redeem (the "Notice") on July 20, 1993, informing her that the car would be "sold at a private sale at any time after 10 days from the Date of Notice ... unless redeemed...." FMC's Ex. # 4. The Notice was addressed as follows:

HUFFMAN JANET S

RT 3 BOX 211

SHERATON, IA 11111

*Id.* The Account and Deposition Report, mailed to Janet Huffman on March 31, 1994, indicates the car was actually sold on August 31, 1993, for a sum of $3,000.00, leaving a deficiency of $2,018.55 after deducting the balance due the lender and the costs of repossession and sale. FMC's Ex. # 5. The Account and Disposition Report indicates that Janet S. Huffman's address is Route 3 Box 211, Chariton, Iowa 50049. *Id.* That is also the address listed on a cover letter seeking collection which accompanied the Account and Disposition Report. *Id.*

Mr. Huffman filed a Chapter 13 bankruptcy petition on March 8, 1996. At that time FMC claims its deficiency debt was $2,925.64. After Mr. Huffman's Chapter 13 plan was confirmed, which proposes to pay approximately fifty percent of general unsecured creditor's claims, FMC asked for relief from the automatic stay to pursue Janet Huffman for any part of the debt not provided for in Mr. Huffman's plan.

A hearing was held on January 16, 1997. Ms. Huffman was not in attendance, but was represented by her attorney, Stephen B. Strayer. Mr. Strayer does not contest any of the facts as presented, save one. He argues that Ms. Huffman never received notice of the private sale because FMC sent the notice to the wrong address. He, thus, maintains that FMC has no deficiency claim as to Ms. Huffman.

 Missouri law determines a creditor's right to a deficiency following the repossession of personal property secured by a properly perfected security interest. *See* Mo.Stat.Ann. § 400.9–504(2) (1994). Missouri law provides that:

(3) Dispositions of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcel and at any time and place and on any terms but every aspect of the Disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor....

Mo.Stat.Ann. § 400.9–504(3) (1994). It is undisputed that the right to a deficiency exists

only if the creditor strictly complies with these statutory requirements. *Executive Financial Serv., Inc. v. Garrison,* 722 F.2d 417, 418 (8th Cir.1983); *Commerce Bank of St. Louis, N.A. v. Dooling,* 875 S.W.2d 943, 946 (Mo.Ct.App.1994); *Ford Motor Credit Co. v. Freihaut,* 871 S.W.2d 129, 130–31 (Mo.Ct. App.1994); *Boatmen's Bank of Pulaski County v. Brooks,* 869 S.W.2d 781, 783 (Mo. Ct.App.1994). Likewise, a co-debtor or guarantor is a debtor entitled to notice as a prerequisite to the collection of a deficiency from the co-debtor or guarantor. *RWR, Inc. v. DFT Trucking, Inc.,* 899 S.W.2d 875, 878 (Mo.Ct.App.1995); *Lankheit v. Estate of Scherer,* 811 S.W.2d 853, 858 (Mo.Ct.App. 1991); *Cherry Manor, Inc. v. American Health Care, Inc.,* 797 S.W.2d 817, 821 (Mo. Ct.App.1990); *Sedalia Mercantile Bank and Trust Co. v. Loges Farms, Inc.,* 740 S.W.2d 188, 195 (Mo.Ct.App.1987); *Lendal Leasing, Ltd. v. Farmer's Wayside Stores, Inc.,* 720 S.W.2d 376, 379 (Mo.Ct.App.1986). Voluntary surrender of the collateral does not negate the necessity for written notice of the sale of collateral by the creditor, and a debtor's right to written notice cannot be waived or varied by any pre-default agreement. *RWR, Inc. v. DFT Trucking, Inc.,* 899 S.W.2d at 878. In *State Bank of Hallsville v. Hull,* 148 B.R. 917, 918 (Bankr.W.D.Mo. 1993), the Court held that the no notice, no deficiency rule is unaffected by creditor's claim that the debt was incurred by fraud or misrepresentation. In *In re Boehne,* 82 B.R. 525, 529 (Bankr.W.D.Mo.1988), the Court held that once a creditor takes possession of personal property and sells it without notice, it is prohibited from any further recovery of the debt, and with no debt, a creditor cannot proceed with a fraudulent conveyance action. Other courts have held that even a sale pursuant to an Order of a bankruptcy court lifting the automatic stay does not dispense with the notice requirement prior to a sale of the collateral. *See, e.g., In re Hull,* 155 B.R. 515, 516 (Bankr.W.D.Mo.1993); *Fidelity Nat'l Bank v. Winslow (In re Winslow),* 39 B.R. 869, 871 (Bankr.N.D.Ga.1984). The party seeking to satisfy a deficiency claim has the burden of proving compliance with section 400.9–504(3). *Commerce Bank of St.* *Louis, N.A. v. Dooling,* 875 S.W.2d 943, 946 (Mo.Ct.App.1994).

■ Ms. Huffman's attorney asked this Court to take judicial notice of the United States Government's Directory of Zip Codes (the "Directory") and a United States Atlas pursuant to Federal Rules of Evidence 201 and 803(17). Judicial notice was so taken. There is no Sheraton, Iowa in either the Directory or the Atlas. Moreover, there is no 11111 zip code in Iowa. There is, however, a Chariton, Iowa with a zip code of 50049 in both the Directory and the Atlas. Mr. Strayer maintains that Ms. Huffman did not receive the written notice to which she is entitled because the Notice was mailed to an undeliverable address, and that FMC, therefore, has no deficiency claim. In *Dooling* the Missouri Court of Appeals held that "mailing notice to the address specified in the instrument does not necessarily satisfy the requirement of 'reasonable notification' when the creditor learns prior to the sale that the debtor has not received actual notice." 875 S.W.2d at 946. If mailing notice to a correct address does not satisfy the notice requirement, then mailing notice to an undeliverable address does not satisfy the "reasonable notification" requirement, and I so find. Without reasonable notice of the sale, FMC does not have a deficiency claim against Ms. Huffman.

■ FMC counters that the Account and Disposition Report correctly lists Ms. Huffman's address. That report was mailed to Ms. Huffman by letter dated March 31, 1994, after FMC had retained counsel and after the sale had taken place. *See* FMC's Ex. # 5. This argument misses the point of the notice requirement. The "purpose of statutory notice is to apprise the debtor of the details of a sale so that the debtor may take whatever action he deems necessary to protect his interest." *Commerce Bank of St. Louis v. Dooling,* 875 S.W.2d 943, 946. (Mo. Ct.App.1994). Ms. Huffman had no opportunity to protect her interest prior to the sale because she did not receive notice of the sale. An account of the sale mailed to Ms. Huffman six months after the sale took place, albeit to the correct address, will not preserve FMC's right to a deficiency claim.

 

Since FMC has no claim against Ms. Huffman, its motion to lift the automatic stay is DENIED.

An Order in accordance with this Memorandum Opinion will be entered this date.