In re Doyle and Gladys **LANCASTER**, Debtors.

Six Rivers National Bank, Plaintiff,

v.

Doyle and Gladys Lancaster, Defendants.

**Bankruptcy No. 98–14048.**
**Adversary No. 00–1045.**

United States Bankruptcy Court, N.D. California.

Aug. 14, 2000.

Philip Arnot, Eureka, CA, for defendants.

David Chandler, Santa Rosa, CA, for plaintiff.

*Memorandum of Decision*

ALAN JAROSLOVSKY, Bankruptcy Judge.

In its complaint in this adversary proceeding, plaintiff Six Rivers National Bank alleges that debtors and defendants falsely represented that they owned an item of personal property which they pledged as security for a loan. It accordingly asserts that it is entitled to a nondischargeable judgment for fraud pursuant to § 523(a)(2) of the Bankruptcy Code.

After default, the Bank repossessed and disposed of its other personal property collateral but failed to give the Lancasters notice of the sale as required by California Commercial Code § 9504(3). The Lancasters have moved for summary judgment, alleging that there is no longer a debt which can be declared nondischargeable.

There are two cases which support the Lancasters' position. In *In re Parsons*, 124 B.R. 818 (Bkrtcy.S.D.Cal.1991), the court held that a dischargeability action could not be maintained after the required notice was not given. Likewise, the court in *In re Hull*, 148 B.R. 917 (Bkrtcy. W.D.Mo.1993), applying similar Missouri law, reached the same conclusion.

The court finds the reasoning of both *Parsons* and *Hull* to be flawed. There is no doubt that any claim based on the contract or the note is barred. However, neither case mentioned California Commercial Code § 1103, which provides:

> Unless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, *fraud*, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions. [emphasis added]

■ Nothing in the Commercial Code purports to eliminate any liability for fraud. "[A]n action for damages for fraud is not one for a deficiency judgment." *Glendale Fed. Sav. & Loan Ass'n v. Marina View Heights Dev. Co.*, 66 Cal.App.3d 101, 135, 135 Cal.Rptr. 802 (1977). The failure of the Bank to give proper notice means that it cannot assert a contract claim against the Lancasters' estate. *In re Carter*, 511 F.2d 1203 (9th Cir.1975). That does not mean that the Bank has no fraud claim against the Lancasters.

Cases in several states have interpreted § 1–103 of the Uniform Commercial Code as allowing suits for fraud notwithstanding antideficiency laws. See, e.g., *Chittenden Trust Company v. Andre Noel Sports*, 159 Vt. 387, 621 A.2d 215, 20 UCC Rep.Serv.2d 710 (1992) [Suit seeking damages in amount of collateral that secured party is unable to repossess due to debtor fraud is not deficiency action and, therefore, secured party may seek damages even though it is barred from obtaining deficiency judgment because of failure to provide notice of sale of repossessed collateral.]; *McKesson Corp. v. Colman's Grant Village, Inc.*, 938 S.W.2d 631, 633, 31 UCC Rep.Serv.2d 1216 (Mo.App.1997)["[I]n view of the omission of § 9–507(1) expressly to state that it provides an exclusive remedy for notification deficiencies, U.C.C. § 1–103 becomes most significant. Its import is that the right of action established by § 9–507(1), absent clear expression to the contrary, must be held cumulative in the context of remedies previously, or otherwise, afforded."].

■ The court notes that real estate antideficiency laws do not preclude dischargeability actions based on fraud. *In re Franklin*, 922 F.2d 536, 543 (9th Cir. 1991). Nothing in the Commercial Code requires a different result where the collateral is personal property.

For the foregoing reasons, the Lancasters' motion for summary judgment will be denied. Counsel for the Bank shall submit an appropriate form of order.