Glenda HANCE, Plaintiff,

v.

Jamie ALTOM, et al., Defendant/Third–Party Plaintiff–Respondent,

v.

George L. Carey, Third–Party Defendant–Appellant.

No. SD 30291.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 10, 2010.

Christopher P. Rackers, Brad C. Letterman, Jefferson City, for Appellant.

Mark E. Turley, Rolla, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

This appeal comes before us as a result of a collision which occurred between an automobile driven by George L. Carey ("Appellant") and Glenda Hance ("Hance"). Appellant claims that the collision occurred because a third vehicle driven by Jamie Altom ("Respondent") forced his car into the oncoming car of Hance. The suit brought by Hance against Respondent was settled for $40,000.00. Respondent sought contribution from Appellant claiming that Appellant's car crossed into Hance's lane of traffic as a result of his own negligence. Appellant now appeals a contribution judgment in the amount of $20,000.00 rendered against him following a bench trial. Appellant claims the judgment is not supported by substantial evidence because the trial court was obligated to accept *in toto* either Respondent's version of the collision or Appellant's contradictory version. We disagree and affirm the judgment.

The parties stipulated that the following events occurred in no particular order: (1) Respondent's vehicle collided with Appellant's vehicle in the eastbound lane of Highway 66; and (2) Appellant's vehicle collided with Hance's vehicle in the westbound lane of Highway 66. The parties presented at trial their two different versions of the sequence of events leading to the collisions.

The parties also presented to the trial judge "Disputed Issues of Fact," which contained the pretrial stipulation: "28. The sequence of [Appellant's] collision and [Respondent's] collision is a disputed issue in this case." The relief the parties requested in their pretrial stipulation was "that the court assess the proportions of fault of [Respondent] and [Appellant], if any, for the settlement of [Hance's] claim for personal injury arising out of the accident and enter judgment in accordance with its assessment." No findings of fact from the trial court were requested and, therefore, none were made. The trial court found Appellant to be fifty percent liable for the collision and ordered the $40,000.00 liability Respondent had already satisfied to be divided as such, with Appellant contributing $20,000.00 to Respondent to cover his share of fault.

This Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). "Substantial evidence is competent evidence from which a trier of fact can reasonably decide the case." *Mathis v. Jones Store Co.,* 952 S.W.2d 360, 366 (Mo.App. W.D.1997). We review the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence to the contrary. *Commerce Bank, N.A. v. Dooling,* 875 S.W.2d 943, 946 (Mo.App. E.D.1994). We defer to the trial court's credibility determinations, recognizing that the court is free to believe all, part, or none of the testimony presented. *Watson v. Mense,* 298 S.W.3d 521, 525 (Mo. banc 2009). The trial court's determinations are entitled to deference even if

some of the evidence supports a different conclusion. *Harrison v. DeHeus*, 230 S.W.3d 68, 74 (Mo.App. S.D.2007). "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).[1]

In Missouri, tort-feasors are jointly and severally liable for the harm caused to a plaintiff. *Berry v. Kansas City Pub. Serv. Co.*, 343 Mo. 474, 121 S.W.2d 825, 833 (1938). A plaintiff "may sue all or any of the joint or concurrent tort-feasors and obtain a judgment against all or any of them." *Id.* When one of multiple tort-feasors satisfies the judgment, that tort-feasor has the right to contribution from the other tort-feasors in proportion to the negligence of each individual tort-feasor.[2] *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 440 (Mo. banc 2002). A prerequisite for a contribution claim to be valid is that both the party seeking contribution and the defendant against whom contribution is sought must be tort-feasors that are originally liable to the plaintiff. *Id.* at 442.

Because Appellant's first and second points on this appeal are related, we will discuss them together. In his first point, Appellant contends that the trial court's judgment is not supported by substantial evidence in that the evidence submitted to the trial court could only support a finding that either Appellant was 100 percent at fault or Respondent was 100 percent at fault. Appellant's second point is a derivative of his first. In his second point, Appellant contends that because the evidence could only support a finding that either Appellant or Respondent was 100 percent at fault, the parties are not joint tort-feasors, and, therefore, any claim for contribution must fail. Appellant's argument, synthesized, is that when two parties stipulate that a fact in dispute is the sequence of collisions in a multiple car accident, and both parties argue and present evidence that the other party was 100 percent at fault, only one driver can be held 100 percent liable. That argument is at odds with itself. Implicit in Appellant's argument is the assumption that the trial court and this Court are required to accept as true all of either Appellant's or Respondent's evidence. In bench tried cases, trial courts are often required to reconcile conflicting evidence. In doing so, the trial court is free to believe all, part, or none of the testimony presented. *Watson*, 298 S.W.3d at 525. Furthermore, under our standard of review, we view the evidence in the light most favorable to the judgment and defer to the trial court's credibility determinations. *Dooling*, 875 S.W.2d at 946.

The evidence favorable to the judgment indicates both that Appellant's vehicle had crossed the center line prior to the collision and Respondent's collision with the rear of Appellant's vehicle propelled Appellant's vehicle further into Hance's lane, causing the collision between Appellant and Hance. Under this scenario, the trial court could have found that both Appellant and Respondent acted negligently. Specifically, Respondent testified that the accident occurred when Appellant's vehicle, while making a left hand turn, slowly started turning left, rolling out of the eastbound lane, when his vehicle collided with Hance's vehicle, which was traveling in the

---

1. All rule references are to Missouri Court Rules (2010), unless otherwise specified.

2. Contribution is "[a] tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." BLACK'S LAW DICTIONARY 353 (8th ed.2004).

opposite direction, and then "shot back" and collided with Respondent's vehicle. Appellant, on the other hand, testified that he was stopped in the eastbound lane of Highway 66 with his wheels cut to the left in preparation for a left turn onto Route UU when Respondent's vehicle collided with his vehicle from behind and forced it into the westbound lane of Highway 66, where his vehicle collided with Hance's vehicle. Consistent with the parties disagreement as to both the sequence of collisions and the allocation of fault for causing injuries to Hance, there was substantial evidence from which the trial court could have concluded that both Appellant's and Respondent's negligence contributed to Hance's injuries. The trial court's judgment granted the relief the parties requested and was within the range supported by the conflicting evidence.

Points I and II are denied. The judgment is affirmed.

BATES and FRANCIS, JJ., concur.